918 F.2d 174
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joaquin MARTINEZ-LOPEZ, Defendant-Appellant.
 No. 88-5214.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 14, 1989.
Decided Nov. 14, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CR-88-220-A)
 Conrad Carroll Gaarder, Alexandria, Va., for appellant.
 Henry E. Hudson, United States Attorney, Christine F. Wright, Special Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Martinez-Lopez pleaded guilty to re-entry into the United States after deportation in violation of 8 U.S.C. Sec. 1326. He appeals from his sentence only, no question being raised as to the conviction.
 
 
 2
 The district court increased the offense level at sentencing by two levels because the defendant had furnished to the probation officer a material falsehood. The defendant's appeal complains of this only.
 
 
 3
 It turned out that the defendant had had at least one and probably two previous pre-sentence reports on account of convictions prior to the one involved here. Yet he reported to the probation officer he had had none. The district court held that the defendant's advising the probation officer that he had had no previous pre-sentence reports would obviously hamper the probation office's investigation.
 
 
 4
 Guideline Sec. 3C1.1* provides that if a defendant willfully has impeded or obstructed the administration of justice during the investigation or prosecution of the offense with which he is charged, his offense level should be increased by two levels. Application Note 1(e) to Sec. 3C1.1 provides that furnishing material falsehoods to a probation officer in the course of a pre-sentence investigation is conduct which, while not exclusive, may provide a basis for applying the two-level adjustment.
 
 
 5
 In our opinion the falsehood with respect to the previous probation reports was material and the district court was justified in holding that it would hamper the probation officer's investigation without a statement from the probation officer as to how the investigation was hampered. Hampering, indeed, is not specifically required by the Guidelines in any event.
 
 The sentence appealed from is accordingly
 
 6
 AFFIRMED.
 
 
 
 *
 The November 1, 1990, edition of the Sentencing Manual retains Sec. 3C1.1 in the same 1987 form in which it existed at pertinent times here. Application note 1(e), however, which we have applied, presently appears as application note 3(h) with only a slight change in wording not material here